IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Teddy Graham, ) | |
| ) | Civil Action No. 6:15-2875-RMG-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Florence County Detention Center, ) | |
| ) | |
| Defendants. ) | |

      The plaintiff is a pre-trial detainee at the Florence County Detention Center in Effingham, South Carolina. The Florence County Detention Center is the sole defendant in the above-captioned case.

      The "STATEMENT OF CLAIM" portion of the Section 1983 complaint reveals that this civil rights action arises out of a slip and fall, and medical care subsequent to the slip and fall. The plaintiff alleges that the toilet has been leaking for months and has not been fixed by maintenance (doc. 1 at 3), and he slipped and fell at the toilet on July 5, 2015, between 3:00 and 4:00 a.m. The plaintiff claims the fall caused pain in his foot, hand, back, and neck. He states that he should have been seen by medical personnel on July 6, 2015, but was not seen until July 7, 2015. The plaintiff further alleges that detention center personnel refused to take x-rays and told the plaintiff that he had a bad sprain. He claims his foot bone is bent, and he cannot sleep because of the pain there and in his back (*id*.). The plaintiff states his toes are crooked, and he cannot put pressure on them. The plaintiff is also having back spasms. The plaintiff states he was not given pain medication until two weeks later (*id*. at 4). The plaintiff states he is "suffering back here with punitive damages" (*id*.). After the plaintiff wrote a grievance on July 13, 2015, Sgt. Benjamin answered and

stated that the problem or issue had been handled. The plaintiff disagreed and states his medical issues have not been handled (*id.*). The plaintiff was not taken to the hospital. He claims he was supposed to be moved to the bottom floor, but was not moved until August 7, 2015 and "[t]hey still didn't fix the toilet and sink after the fact" (*id.*). Copies of the plaintiff's grievance, medical request, and requests to staff are appended to the complaint.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Deliberate indifference to a pre-trial detainee's serious medical needs is actionable under 42 U.S.C. § 1983. See *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee."). Even so, the above-captioned case is subject to summary dismissal.

The Florence County Detention Center is subject to summary dismissal because it is not "person" subject to suit under Section 1983. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Accordingly, the Florence County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983.

*See Jones v. Lexington Cnty. Det. Ctr.,* 586 F. Supp. 2d 444, 451 (D.S.C. 2008) (collecting cases).  Therefore, the Florence County Detention Center is entitled to summary dismissal as a party defendant.

   Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.

August 25, 2015               s/ Kevin F. McDonald
Greenville, South Carolina          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).